UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RMG FINANCIAL MANAGMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>NITIN KARNIK,<br><br>Defendant. | Case No. 24-cv-07338-PHK<br><br>**ORDER TO SHOW CAUSE RE: FAILURE TO COMPLY WITH COURT ORDERS**<br><br>Re: Dkts. 41, 47, 58, 60 |

**INTRODCUTION**

This case involves a Defendant who has repeatedly and continuously failed to make agreed-upon payments for the settlement of this action, and consequently has failed to obey Court Orders requiring Defendant to make those agreed-upon payments.  Now before the Court is Defendant's latest in a long string of failures to obey Court Orders with regard to making his settlement payments.

**RELEVANT BACKGROUND**

On October 21, 2024, Plaintiff RMG Financial Management LLC ("Plaintiff") filed the Complaint in this action against Defendant Nitin Karnik. [Dkt. 1].  On April 7, 2025, the Mediator in this case filed a Certification of ADR Session in which he reported that this case was settled following the mediation session. [Dkt. 23].

On June 6, 2025, the Parties filed a Joint Status Report wherein they both (including Defendant) stated that "[t]he payment of the agreed-upon settlement amounts will occur on the time frame stated in the settlement documents, but is expected to take a maximum of 60 days from the execution of the settlement documents." [Dkt. 25 at 1].  The discerning reader will note that this

United States District Court
Northern District of California

Status Report was filed over one year ago, but as detailed further below, the case remains open due to Defendant's failure to make the agreed-upon settlement payment.  Indeed, on September 1, 2025, the Parties filed a Further Joint Status Report wherein they both (including Defendant) confirmed that they "reached agreement on settlement terms in the mediation and . . . finalized and executed the settlement documents on or around June 18, 2025." [Dkt. 33 at 1].

On October 15, 2025, Plaintiff filed a Status Report describing Defendant's first instance of a failure to pay the settlement amount. [Dkt. 37 at 1]. Plaintiff indicated that "Defendant begged for further time to pay" and "made a further promise to pay Plaintiff LLC $150,000 immediately, and to pay the remaining amount within 30 days." *Id.* at 1-2. On October 27, 2025, Plaintiff and Defendant each filed separate Status Reports. *See* Dkts. 39, 40.  Plaintiff reported that "[d]espite the promises of the Defendant, he has not paid any of the monies which he agreed to pay to the plaintiff LLC at the mediation." [Dkt. 39 at 1]. In his Status Report, Defendant stated that he "agree[d] to pay the Plaintiff $150,000.00 on or before Friday, October 31, 2025 and balance payment of $100,000.00 by November 14, 2025 to settle the case." [Dkt. 40].

On October 29, 2025, the Court issued an Order which directed Defendant "to pay Plaintiff $150,000 on or before Friday, October 31, 2025, and an additional $100,000 by November 14, 2025, to settle the case as committed in his Status Report. [Dkt. 40]." [Dkt. 41 at 1].

On November 3, 2025, Plaintiff and Defendant each filed separate Status Reports. *See* Dkts. 42, 43. Plaintiff reported that Defendant "ha[d] not paid any of the monies which he agreed to pay to the Plaintiff LLC at the mediation." [Dkt. 42].  In his Status Report, Defendant claimed that he "was unable to pay . . . due to his Private Lender's delay in wiring the funds into [his] account" and requested until November 14 to make the full settlement payment. [Dkt. 43].

Subsequently, on November 14, 2025, Defendant filed a Status Report stating that he "discussed the payment delays with the Plentiff [sic] and the Plaintiff extended the payment settlement date till [sic] November 21, 2025." [Dkt. 45 at 1].  However, on November 19, 2025, Plaintiff's counsel filed a letter stating that Defendant's assertion of November 14 regarding the extension of payment date was "a lie" and that "Plaintiff specifically refused to extend the date for the payment to [plaintiff] RMG."  [Dkt. 46].

On November 26, 2025, the Court issued an Order which directed the Parties to file a Joint Status Report "regarding whether Plaintiff will file a motion to enforce settlement[.]" [Dkt. 47]. Additionally, the Court directed Defendant to "address why the Court should not consider issuing an Order to Show Cause based on misrepresentations to the Court." *Id.*

On December 5, 2025, the Parties filed a Joint Status Report stating that "Defendant has not made any payment towards the settlement agreement as of this date. Defendant now represents that he will pay the settlement funds due to RMG by December 15, 2025. If payment is not made by that date, counsel for the Plaintiff will file a motion to enforce the settlement and reduce it to judgment within 7 days of December 15, 2025." [Dkt. 48].  On December 27, 2025, as a result of Defendant's failure to make any payments as of that date, Plaintiff filed a Motion to Enforce Settlement. [Dkt. 49].

The filing of that motion appeared to have had an impact on Defendant's behavior.  On January 26, 2026, Plaintiff's counsel filed a letter reporting to the Court that "Defendant has made a partial payment in the amount of $90,000. He is due to make an additional payment shortly against the remaining $160,000 which is due and owing." [Dkt. 51].  Later, on February 16, 2026, Plaintiff's counsel filed a further letter reporting to the Court that "Defendant has made total partial payments in the amount of $160,000. He is obligated to make the final payment of $90,000 within sixty (60) days. I am therefore withdrawing my motion [to enforce settlement] without prejudice." [Dkt. 54].

On May 8, 2026, the Court Ordered the Parties "to submit a Joint Status Report by May 18, 2026, regarding whether the final payment had been received." [Dkt. 56].  On May 18, 2026, the Parties submitted the required Joint Status Report stating that "[t]he final payment which is presently due to the Plaintiff from the Defendant has not been made and the Defendant is in default." [Dkt. 57 at 1].  Further, in this Status Report, Defendant "Karnik represent[ed] to the Court that the final payments due to the Plaintiff [would] be made on or before the 31st day of May, 2026." *Id.*

On May 19, 2026, the Court Ordered the Parties to file a Joint Status Report by June 1, 2026, regarding whether Defendant has made his final payment to Plaintiff as represented. [Dkt. 58]. Specifically, the Court warned Defendant that "[i]f Defendant fails to make payment as required, he will be in apparent violation of the Court's prior Order . . . which directed Defendant to make his

United States District Court
Northern District of California

3

United States District Court
Northern District of California

final payment months ago. Defendant's continued failure to make payment would again appear to breach his promises and representations. Further, failure to make payment . . . may result in issuance of an Order to Show Cause directing Defendant to show cause why the Court should not consider imposing appropriate sanctions on Defendant." *Id.*

On June 1, 2026, the Parties filed a Joint Status Report stating that "Defendant . . . has not made the final payment to Plaintiff . . . . Defendant states that he was able to secure funds with considerable efforts despite the hardship to make the final payment by Friday June 5, 2026 and asks the court indulgence until that date. The Plaintiff is accepting Defendent's [sic] request to settle the payment by Friday June 5, 2026." [Dkt. 59]. In light of this Status Report, on June 2, 2026, the Court issued an Order which directed "Defendant to make the final payment on or before June 5, 2026 as promised." [Dkt. 60 (emphasis removed)].

On June 8, 2026, Plaintiff filed a Status Report stating that "Defendant . . . did not make the final payment required by the settlement agreement on or before June 5, 2026, as ordered by the Court. Defendant has not made any further payment by today June 8, 2026. Defendant represents that the funds will be available Wednesday June 10, 2026." [Dkt. 61]. On June 12, 2026, Plaintiff filed a Status Report stating that "Plaintiff has not received any funds from the Defendant[.]" [Dkt. 62]. Neither Party has filed any further status reports since June 12, 2026.

**DISCUSSION**

As the procedural history above demonstrates, the Court has issued multiple Orders which each required Defendant to make the settlement payment he had previously agreed to make (and which he repeatedly represented to the Court that he would eventually make). Further, Defendant has made multiple promises to Plaintiff and has proffered multiple representations to this Court that he would make settlement payment. He has not carried through on his commitments.

And to date, Defendant has failed to obey the most recent Order which directed, ordered, and required Defendant to make the final settlement payment which he had previously and continuously agreed to make. The most recent Order required Defendant to make his final payment by June 5, 2026. [Dkt. 60]. No such payment has been made, as of the date of this Order.

United States District Court
Northern District of California

"Under its inherent powers, a district court may impose sanctions where a party has willfully disobeyed a court order, or where the party has acted in bad faith, vexatiously, or for oppressive reasons." *Cakebread v. Berkeley Millwork and Furniture Co.*, 218 F. Supp. 3d 1040, 1046 (N.D. Cal. Nov. 21, 2016) (citations and internal quotations omitted). The Court is cognizant of Defendant's *pro se* status. However, there is nothing inherently complicated in making an agreed-upon settlement payment and nothing complicated in the Court's prior Orders which ordered Defendant to make his settlement payment. The issues here do not involve much (if any) legal analysis.

Here, Defendant has repeatedly disobeyed Court Orders. The first Order at issue (dated October 29, 2025) required Defendant to make his agreed-upon settlement payments, [Dkt. 41], and he failed to do so. The second Order at issue (dated November 26, 2025) required Defendant to address why the Court should not consider issuing an Order to Show Cause based on his misrepresentations to the Court. [Dkt. 47]. The third Order at issue (dated May 19, 2026) admonished Defendant that if he continues to fail to make his settlement payment, he will be in apparent violation of the October 29 Order [Dkt. 41] and that failure to make payment by the new due date may result in the issuance of an Order to Show Cause regarding imposition of sanctions on Defendant. [Dkt. 58]. And the most recent Order at issue (dated June 2, 2026) ordered Defendant to make his final payment on or before June 5, 2026. [Dkt. 60]. Despite all of these Orders, warnings, and admonishments, as of the date of the instant Order, Defendant has failed to make his final settlement payment.

Further, Defendant has acted in bad faith by failing to keep his serial promises of payment to Plaintiff and his serial representations to this Court that he would make payment. The recitation of Defendant's litany of promises to pay and representations to the Court are discussed in the procedural history above. Suffice to say that, since the date of the Mediator's report that this case has settled, Defendant has committed in multiple Status Reports that he would actually make the settlement payments he agreed to make. And he has repeatedly reneged on these promises and failed to live up to his representations to the Court.

In sum, Defendant has now had an entire year since the original settlement agreement was

5

reached to pay Plaintiff the agreed upon funds. Yet, time after time, in direct contradiction of his own promises and representations, as well as in violation of Court Orders to make the payments, Defendant has failed to make the necessary payments.

The Court previously informed and admonished Defendant, and is hereby providing **NOTICE** again by this **ORDER TO SHOW CAUSE**, that failure to comply with this Court's Orders will result in negative consequences for Defendant, including the imposition of monetary sanctions and any other appropriate non-monetary sanctions.

Accordingly, the Court **ORDERS** that, by no later than **July 6, 2026**, Defendant **SHALL SHOW CAUSE** by filing a written response to this Order to Show Cause to address and explain in detail why Defendant has continued to violate Court Orders, as well as address why the Court should not impose both monetary and non-monetary sanctions on Defendant for his behavior in this case (including failure to obey Court Orders, breaching promises to Plaintiff, and violating commitments and representations he has made to the Court).  Further, Defendant **SHALL** address the reasons why the Court should not consider civil and/or criminal contempt proceedings against Defendant for his behavior in this action.

However, if Defendant pays, **by July 6, 2026**, the entire remaining $90,000 balance owed to Plaintiff per the settlement agreement, then the Defendant need not file a separate response to this Order to Show Cause as required above.  Instead, Defendant may simply file (by July 6, 2026) a Notice that the final entire payment has, in fact, been made (and the date of that payment).

If Defendant fails to respond in a timely manner to this Order to Show Cause or if Defendant fails to pay the remaining balance by the July 2, 2026 deadline set herein, the Court will issue an Order imposing sanctions on Defendant and the Court will consider initiating civil and/or criminal contempt proceedings against Defendant.  If Defendant timely files a written response (or Notice of Payment) to this Order to Show Cause, the Court will take that under consideration in determining the next steps in this action.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Defendant at his address of record via First Class Mail: 829 Folsom St., Unit 716, San Francisco, CA 94100. [Dkt. 1 at 1].

**IT IS SO ORDERED.**

Dated: June 25, 2026

PETER H. KANG
United States Magistrate Judge